**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HOWARD D. LARKIN,** | : | |
| **Petitioner** | : | **No. 1:15-CV-01948** |
| **vs.** | : | **(Judge Kane)** |
| **TERRY BROWNING, Warden, et al.,** | : | |
| **Respondents** | : | |

**MEMORANDUM**

**Background**

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Howard D. Larkin, a state pretrial detainee, confined at the Tioga County Prison, Wellsboro, Pennsylvania. Doc. 1. On October 22, 2015, Larkin paid the $5.00 filing fee. The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. Governing § 2254 Cases R. 4.[1]

On or about August 6, 2015, Larkin was arrested and detained by Pennsylvania state law enforcement on several criminal

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

charges, including robbery, receiving stolen property, theft and terroristic threats. Doc. 1-1, at 9. Larkin appeared before a Pennsylvania District Justice on August 6, 2015, and was remanded to the custody of Tioga County Prison and bail was set at $200,000. Commonwealth of Pennsylvania v. Howard D. Larkin, CP-59-CR-0000312-2015.[2]

An affidavit of probable cause attached to Larkin's petition, filed July 31, 2015, by Chief Raymond C. Gausline of the Elkland Borough Police Department, reveals that a black male at approximately 9:30 a.m. on July 25, 2015, robbed the Citizens and Northern Bank, 104 West Main Street, Elkland, Pennsylvania, of $1785.00. Id. at 4-5. Larkin was subsequently stopped by New York State Police on unrelated charges and bank video footage of the bank robber was sent to the New York trooper and the trooper identified Larkin as the bank robber. Id. A bank teller subsequently identified Larkin as the bank robber from a photo array line up of six black males. Id.

---

2. The court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of the criminal case pending against Larkin in the Court of Common Pleas of Tioga County. See https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-59-CR-0000312-2015 (Last accessed October 27, 2015). A district court may take judicial notice of proceedings in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

The docket of the Court of Common Pleas of Tioga County reveals that on August 20, 2015, a District Justice found probable cause to bind Larkin over to the Court of Common Pleas of Tioga County on the following charges: (1) robbery from another by force however slight, 18 Pa.C.S.A. § 3701(a)(1)(v); (2) robbery from a financial institution, 18 Pa.C.S.A. § 3701(a)(1)(vi); (3) receiving stolen property, 18 Pa.C.S.A. § 3925; (4) theft by unlawful taking involving movable property, 18 Pa.C.S.A. § 3921(a); and (5) terroristic threats causing serious public inconvenience, 18 Pa.C.S.A. § 2706(a)(3). On September 16, 2015, an information was filed by the District Attorney of Tioga County charging Larkin with the above offenses and Larkin was arraigned by the Court of Common Pleas on September 21, 2015. Larkin requested a jury trial and he is presently scheduled for disposition on December 21, 2015. As noted Larkin is presently detained on the charges at the Tioga County Prison in lieu of $200,000 bail. There is no indication that Larkin has filed a motion with the Court of Common Pleas for a reduction in the amount of bail or requested that the Court of Common Pleas release him from the Tioga County Prison pending the trial.[3] Larkin's

---

3. Rule 529 of the Pennsylvania Rules of Criminal Procedure provides in pertinent part that an "existing bail order may be modified by a judge of the court of common pleas." 234 Pa. Code, Rule 529,http://www.pacode.com/secure/data/234/chapter5/s529.html (Last accessed October 27, 2015). Furthermore, Pennsylvania Rule of Appellate Procedure 1762(b)(2) sets forth the procedure to obtain appellate court review of an order of a judge of the Court

(continued...)

present habeas petition is a challenge to ongoing state criminal court proceedings.

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir.1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir.2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Absent extraordinary circumstances,[4] Younger abstention will apply when the following

---

3. (...continued)
of Common Pleas granting or denying release, or modifying the conditions of release. 210 Pa. Code, Rule 1762, http://www.pacode.com/secure/data/210/chapter17/s1762.html (Last accessed October 27, 2015).

4. Even when all requirements are met, Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other
(continued...)

three requirements are met: “(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims.” Lazaridis v. Wehmer, No. 09-1342, --- F.3d ----, 2010 WL 27216, at *3 (3d Cir. January 7, 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005)). Indeed, “[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings.” Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir.1992).

Larkin makes a vague argument that his arrest was in violation of his rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution. He requests the following: “Release me and allow case to proceed to trial and order the [township police] to discharge me and give me the fair chance to appear in court[.]” Doc. 1, at 8. Larkin is raising issues regarding the propriety of his arrest which should first be addressed by the state courts. It is clear that Larkins claims

4. (...continued)
extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute ....” Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989). These exceptions are to be narrowly construed. Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Wood has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger. Thus, under the present circumstances, the Court concludes that it is appropriate to abstain from entertaining the petition, as abstention is required out of deference to the integrity of the state judicial process. Accordingly, the petition will be dismissed without prejudice.[5]

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that

---

5. Furthermore, a state prisoner must exhaust all available state judicial remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. Sections 2254(b) and (c). Neither an intractable jurisdictional prerequisite nor "a mere formality, . . . [the exhaustion requirement] serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). Exhaustion also "protect[s] the state court's role in the enforcement of federal law and prevent[s] disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982). There is no indication whatsoever that Larkin has availed himself of state procedures to seek a reduction in the amount of bail or release from confinement pending his trial.

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.” Miller-El v. Cockrell, 537 U.S. 322 (2003). “When the district court denies a habeas petition on procedural grounds without reaching the prisoner’s underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.” Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will be entered.